Filed 1/20/23  P. v. Vielma CA4/2
*See dissenting opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079613 |
| v. | (Super.Ct.No. RIF1401060) |
| BOBBY RAY VIELMA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  William S. Lebov, Judge. (Retired judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Bobby Ray Vielma, filed petitions for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. After defendant filed a notice of appeal, this court appointed counsel to represent him.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*),[2] setting forth a statement of the facts, a statement of the case, and three potentially arguable issues: (1) whether the trial court erred in "relying on counsel's recitation of historical facts"; (2) whether the trial court erred in denying defendant's petition; and (3) whether the trial court's denial of the petition constituted prejudicial error.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By felony information filed December 15, 2014, the People charged defendant with attempted, premeditated murder (§§ 664, 187, subd. (a), count 1); infliction of corporal injury on a cohabitant, defendant having previously been convicted of such an offense (§ 273.5, subd. (f)(1), count 2); criminal threats (§ 422, count 3); attempting to dissuade a witness from reporting a crime (§ 136.1, subd. (b)(1), count 4); and willful injury to a

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. 224-226.)

child (§ 273a, subd. (a), count 5). The People further alleged that, as to the counts 1 and 3 offenses, defendant had personally used a deadly weapon (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)), and as to the counts 1 and 2 offenses, defendant had personally inflicted great bodily injury (§§ 12022.7, subd. (e), 1192.7, subd. (c)(8)). The People additionally alleged defendant had suffered a prior prison term. (§ 667.5, subd. (b).)

On June 26, 2015, pursuant to a negotiated plea agreement, defendant pled guilty to second degree attempted murder (§§ 664, 187, subd. (a), count 1); infliction of corporal injury on a cohabitant, defendant having previously been convicted of such an offense (§ 273.5, subd. (f)(1), count 2); criminal threats (§ 422, count 3); attempting to dissuade a witness from reporting a crime (§ 136.1, subd. (b)(1), count 4); and an added offense of mayhem (§ 206, count 6). Defendant further admitted that, as to the counts 1 through 4 offenses, he had personally used a deadly weapon (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)), and as to the counts 1, 2, and 4 offenses, he had personally inflicted great bodily injury (§§ 12022.7, subd. (e), 1192.7, subd. (c)(8)). Defendant also admitted suffering a prior prison term. (§ 667.5, subd. (b).)

As the factual basis for the plea, defendant admitted he used a knife against his wife causing her great bodily injury, made threats to cause her great bodily injury or death while using a knife, and threatened he would cause her great bodily injury or death if she tried to obtain help from law enforcement. Defendant admitted his wife suffered "numerous stab wounds," one of which required "four staples to one of her hands."

3

Pursuant to the plea agreement, the court sentenced defendant to an aggregate term of imprisonment of 26 years. On the People's motion, the court dismissed the remaining count and allegations.[3]

On July 7, 2022, defendant filed a former section 1170.95 form petition for resentencing. On July 15, 2022, he filed a second form petition for resentencing.

At the hearing on August 12, 2022, the People moved that the petition be denied. The People noted: "This is a sole defendant domestic violence plea from 2015. . . . [T]he preliminary examination . . . transcript pages[4] . . . described the defendant and victim were wrestling, then the defendant began to stab her in the hand, shoulder, back of her neck and hand while petitioner was telling the victim he was going to kill her. [¶] . . . We believe that the record . . . shows the defendant is not eligible, because even though he pled guilty in a court hearing . . . he admitted that he in fact was the one that stabbed her and no one else was involved."

Defense counsel "confirmed what [the People] indicated. It appears to be a single-defendant, single-suspect case, and I'll submit." The court denied the petition.

## II. DISCUSSION

Because our order of October 19, 2022, implied that we would independently review the record for potential errors even if defendant chose not to file a supplemental

---

[3] On February 9, 2018, pursuant to a November 20, 2017 letter from the California Department of Corrections and Rehabilitation and defendant's withdrawal of the plea as to the enhancements attached to the count 4 offense, the court resentenced defendant to 24 years four months of imprisonment.

[4] The preliminary hearing transcript is not a part of the record on appeal.

brief, we exercise our discretion to do so even though not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["[I]f the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice."]; *id* at p. 232 ["[I]t is wholly within the court's discretion [to] conduct[] its own independent review of the record in any individual section 1172.6 appeal."] *id*. at p. 233, fn. 6 ["[T]he decision to conduct independent review is solely up to the discretion of the Courts of Appeal . . . .].) We find no arguable issues.

## III. DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                                                    J.

I concur:


RAMIREZ
                        P. J.

[*P. v. Bobby Vielma*, E079613]

MENETREZ, J., Dissenting.

Because this is an appeal from a postjudgment order, *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 do not require us to read the entire record ourselves to look for arguable grounds for reversal. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 228 (*Delgadillo*).) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id.* at p. 232.)

Although we have discretion to conduct *Wende* review even when it is not required (*Delgadillo*, *supra*, 14 Cal.5th at p. 232), judicial discretion "'is not a whimsical, uncontrolled power.'" (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Delgadillo*, at p. 229.) For these reasons, routinely conducting *Wende* review when a no-issue brief is filed in an appeal from a postjudgment order, in the absence of any case-specific reason to conduct such a review, would appear to be an abuse of discretion.

For even stronger reasons, if we can determine without reading the entire record that the defendant is categorically ineligible for relief, then conducting *Wende* review would appear to be an abuse of discretion. In such a case, reading every page of the record to look for arguable grounds for reversal is futile, because we already know that

1

the trial court's ruling was correct. That is the case here: Defendant admitted that he was the assailant who stabbed and seriously injured his wife, so it is impossible for him to make a prima facie case for relief under Penal Code section 1172.6.

*Delgadillo* observed that when appointed counsel files a no-issue brief and the court notifies the defendant of the right to file a personal supplemental brief, the notice is "suboptimal" if it cites *Wende* or does not state that the appeal may be dismissed as abandoned if no supplemental brief is filed. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) But in a case like this one, any such deficiencies in the notice are harmless under any standard. An optimal notice would not change the fact that defendant is ineligible for relief.

I respectfully dissent because there is no case-specific reason to conduct *Wende* review and there is a straightforward reason not to—we know without reading the entire record that defendant is categorically ineligible, so reading every page of the record to look for arguable grounds for reversal is pointless. The appeal should be dismissed as abandoned.

MENETREZ       
J.

2